

FILED
JAN 25 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*********************************************************************

| | | |
|---|---|---|
| ROBERT D. ZAVADIL, | * | CIV 04-4013 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION |
| ALCOA EXTRUSIONS, INC., | * | AND ORDER RE: JURY TRIAL |
| Defendant. | * | |

*********************************************************************

Plaintiff's Complaint contains a Demand for Jury Trial. Defendant, Alcoa Extrusions, Inc., filed a brief in support of its position that a jury trial is not authorized in this case. Doc. 31. Plaintiff, Robert D. Zavadil, filed a memorandum in support of his position that he is entitled to a jury trial. Doc. 38. Defendant then submitted its reply memorandum. Doc. 40. After reviewing the pleadings and the applicable authorities, this Court has determined that Plaintiff is entitled to a jury trial in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, whose employment was terminated by Defendant, filed his complaint for breach of contract based on Defendant's "Peer Review Policy and Procedures." The Introduction to the "Peer Review Policy and Procedures" explains:

> [T]he Company recognizes that from time to time an employee may encounter a problem, concern or complaint that if left unresolved could affect job satisfaction and work performance.
>
> As always, employees are encouraged to speak up when they have a concern or complaint about how the application of a company policy has affected them. Alcoa Extruded Construction Products' Open Door Policy provides access to any member of management or Human Resources with whom an employee wishes to express a concern.
>
> However, when an individual is faced with a situation that has not

> been satisfactorily resolved by traditional means, the Peer Review Process may be utilized. Peer Review is a formal problem-solving process designed to ensure that each employee's concerns are given careful consideration and conflicts are resolved quickly, fairly and confidentially.

This policy provides for Peer Review Panels which hear appeals involving the application of policies, procedures, established practices and work rules involving Defendant's employees. The policy provides that the Peer Review Panels "may review management's actions to ensure that the policy or practice was applied properly and consistently." If the Peer Review Panels determine that the policy or practice was not applied properly and consistently, they have the authority under the policy to "make appropriate remedies consistent with Company practice and/or policies." The peer review policy specifically provides that terminations are covered in the appeals to the Peer Review Panels. A flow chart in the published policy sets forth the voting process of the Peer Review Panels in cases involving termination and cases other than termination. The flow chart for termination issues provides: "Vote 'Yes' or 'No' to the question: 'Should the Employee be reinstated?'" The peer review policy establishes that Peer Review Panels have the authority to grant, modify, or deny an appeal. Finally, the policy states that the decisions of the Peer Review Panels are final and binding.

When the manufacturing manager informed Plaintiff on January 21, 2003, that he was being terminated, Plaintiff inquired whether he could appeal the decision to a Peer Review Panel. The manufacturing manager advised Plaintiff that he did not know if he could take such an appeal. On January 24, 2003, Plaintiff contacted the Corporate Human Resources Manager and again asked if he could appeal the termination decision to a Peer Review Panel, and was advised without explanation that he could not appeal the termination decision to a Peer Review Panel. In a letter dated January 25, 2003, Plaintiff requested a written explanation of why he was denied use of the policy. Two months later, Defendant responded to Plaintiff's request, stating that the Peer Review Policy and Procedures could only be utilized by non-exempt salaried and hourly employees.

In denying Defendant's motion for summary judgment in this case, this Court concluded that the Employee Handbook, standing alone, did not create a "for cause only" agreement by containing a detailed list of exclusive grounds for termination. This Court also concluded that the Employee

Handbook itself did not contain a mandatory and specific procedure which the employer agreed to follow prior to terminating an employee's employment. This Court further concluded that the disclaimers in the Employee Handbook, prior to the implementation of the subsequently-enacted Peer Review Policy and Procedures, would have been sufficient to reserve to Defendant the right to discharge an employee at will, and the exercise of that right would have been final. *Zavadil v. Alcoa Extrusions, Inc.*, 363 F.Supp.2d 1187, 1191-92 (D.S.D. 2005 )(citing *Meyers v. American States Ins. Co.*, 926 F.Supp. 904, 910 (D.S.D. 1996)).

In denying Defendant's motion for summary judgment, however, this Court concluded that the Peer Review Policy and Procedures gave the employee the option of utilizing the Peer Review Policy and Procedures, which includes appellate access to Peer Review Panels. These panels could "review management's actions to ensure that the policy or practice was applied properly and consistently"with regard to employment terminations." This Court stated:

> Although the disclaimers in the Employee Handbook were initially sufficient to fully reserve Defendant's right to discharge an employee at will, through its Peer Review Policy and Procedures Defendant contracted to modify its statutory power to hire and fire at will to the extent that a discharged employee may utilize the policy and a Peer Review Panel may make a final and binding decision to reinstate an employee that was discharged by Management. Since Defendant has, at this time, failed to demonstrate why the Peer Review Policy and Procedures does not apply to Plaintiff, its "Motion to Dismiss or, in the alternative, for Summary Judgment"is denied and Plaintiff may continue in this action to seek the remedy of utilizing the Peer Review Policy and Procedures (which could among other things order reinstatement) and any damages that may have been caused by the breach of the Peer Review Policy and Procedures.

363 F.Supp.2d at 1193.

## WHETHER PLAINTIFF IS ENTITLED TO A JURY TRIAL IN THIS CASE?

Defendant contends that Plaintiff is seeking specific performance of a contract, and as such, is not entitled to a trial by jury. It is accurate that an action for specific performance of a contract historically is considered equitable, and one seeking such relief is not entitled to a trial by jury. *See Turner v. Burlington N. R.R. Co.*, 771 F.2d 341 (8th Cir. 1985); *See Generally*, CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2309 (3rd ed. 1995).

Although a liberal construction of the pleadings in accordance with Rule 8 of the Federal Rules of Civil Procedure may allow one to interpret the complaint as requesting specific performance, the complaint makes no actual request for specific performance, characterizes the action only as Breach of Contract, and prays for relief in the form of money damages. Doc. 1. Furthermore, Plaintiff has clearly asserted in his response to Defendant's motion to deny a jury trial that he is not seeking specific performance of the Peer Review Policy and Procedures and a hearing before a Peer Review Panel. In fact, Plaintiff contends that due to the passage of time and the impact of this litigation, Plaintiff could not receive a timely and fair hearing before a Peer Review Panel as such is contemplated in the Peer Review Policy and Procedures.

Although neither the label put on a claim in the pleadings nor the prayer for relief is controlling on the issue of whether a party is entitled to a jury trial, they may be considered in determining the intent of the pleader. *See* FEDERAL PRACTICE AND PROCEDURE § 2304. *See also Klein v. Shell Oil Co.*, 386 F.2d 659, 663 (8th Cir. 1967)(entitlement to a jury trial cannot be determined solely on the basis of the allegations in the complaint). Also, even though equitable relief may be available to a party, that party has the right to seek only legal relief and have the right to a jury trial on the claim requesting legal relief. FEDERAL PRACTICE AND PROCEDURE § 2304; *Robine v. Ryan*, 310 F.2d 797 (2d Cir. 1962)(plaintiffs entitled to jury trial on wrongful appropriations claim where claim was stated separately from claim for injunctive relief).

Defendant contends that if the peer review process applies to Plaintiff then the court must compel the parties to use the peer review process to determine whether the termination was consistent with Defendant's policies and practices. Plaintiff contends that Defendant's refusal to allow him to utilize the peer review procedure to challenge the termination constituted a material breach of the contract which discharged any obligation to proceed under the peer review policy at this time. The Peer Review Policy and Procedures states that it is a "formal problem-solving process designed to ensure that each employee's concerns are given careful consideration and conflicts are resolved quickly, fairly and confidentially."

Under South Dakota law a breach is considered material if it "'would defeat the very object of the contract.'" *Miller v. Mills Constr., Inc.*, 352 F.3d 1166, 1172 (8th Cir. 2003)(quoting *Icehouse, Inc., v. Geissler*, 636 N.W.2d 459, 465 (S.D. 2001), and *Thunderstik Lodge, Inc. v. Reuer*,

4

585 N.W.2d 819, 825 (S.D. 1998)). A material breach of the Peer Review Policy and Procedures by Defendant would excuse Plaintiff's obligation of performance of the procedures set forth in the Peer Review Policy and Procedures. See *Miller v. Mills Constr., Inc.*, 352 F.3d at 1172. By the terms of the Peer Review Policy and Procedures, Plaintiff, if he was a full-time employee of Defendant who had completed his orientation period, should have been entitled to a quick, fair and confidential review of and final and binding decision regarding his termination by his peers within days of the occurrence of his termination. By not allowing Plaintiff, if he was a qualified employee, to utilize the procedure when he requested the same, Defendant committed a material breach, and Plaintiff will not now be required to appear before a peer review panel comprised of Defendant's current employees.

The Seventh Amendment preserves the historic English common law right to a trial by jury.[1] The United States Supreme Court has long recognized, "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."*Dimick v. Schiedt*, 293 U.S. 474, 486 (1935), *quoted in Beacon Theatres, Inc., v. Westover*, 359 U.S. 500, 501 (1959); *See also, Kampa v. White Consol. Ind., Inc.*, 115 F.3d 585, 586 (8th Cir. 1997). Accordingly, in close cases where there is doubt, courts have held that they should favor granting a jury trial to insure a party's constitutional rights. *See Shelley v. Trafalgar House Public Ltd. Co.*, 987 F.Supp. 84, 87 (D. Puerto Rico 1997); *Dixon v. Northwestern Nat'l Bank of Minneapolis*, 297 F.Supp 485, 489 (D. Minn. 1969).

Rule 38(b) of the Federal Rules of Civil Procedure guarantees the right to a jury trial regarding "any issue triable of right by a jury." Since modern civil procedure for most purposes ignores the distinction between legal and equitable classifications, there is an inherent tension between modern civil procedure and the historic right to a jury trial being premised upon legal and equitable distinctions. *Burlington N. R.R. Co. v. Nebraska Public Power Dist.*, 931 F.Supp. 1470, 1479-1480 (D. Neb. 1996). Consequently, a determination of entitlement to a jury trial requires "'an

---

[1] The Seventh Amendment to the United States Constitution, which became part of the Bill of Rights in 1791, provides in part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ... ."

5

interpretation of the Seventh Amendment that is both consistent with its historical basis, and capable of integrating modern procedural developments that promote the efficient functioning of the judicial system.'" *Id.* at 1480(quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2302 at 24).

When determining whether a jury trial is required under the Seventh Amendment this Court must answer at least one and possibly two questions, which are:

> (1) "we ask, first, whether we are dealing with a cause of action that either was tried at law at the time of the Founding or is at least analogous to one that was"; and (2) "[i]f the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791."

*Burlington N. R.R. Co. v. Nebraska Public Power Dist.*, 931 F.Supp. at 1480 (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376-377 (1996)). Breach of contract actions claiming money damages fall in the law category and were tried to a jury at the time of the Founding. *Ross v. Bernhard*, 396 U.S. 531, 542 (1970), *cited in* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2316. The issue of whether Defendant breached the Peer Review Policy and Procedures may be a matter for this Court in this particular case, as discussed below. However, the trial issues of whether there was a breach of contract, whether the Plaintiff was damaged by the breach, and if so damaged, in what amount, are decisions which historically must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791.

In Defendant's Statement of Material Facts in support of its motion to dismiss, or in the alternative, motion for summary judgment, Defendant states that Plaintiff worked as a shift supervisor for Defendant from 1996 until his termination in January of 2003. Doc. 10. The Peer Review Policy and Procedures states that it covers "all full-time employees of Alcoa Extruded Construction Products, Yankton, SD, who have completed their 90-day orientation period [excluding] the facility's General Manager and all Staff personnel." The Court does not find the contract created by the Peer Review Policy and Procedures to be ambiguous on the issue of who is a covered employee. No evidence has been presented to this Court that disputes that Plaintiff was an eligible employee for application of the Peer Review Policy and Procedures, nor has any evidence

6

been presented that disputes that Plaintiff was denied the right to utilize the Peer Review Policy and Procedures. However, Defendant in footnote 2 to its summary judgment memorandum states, "Alcoa will explain why the peer review policy did not apply to Zavadil, but those arguments, since they are not part of the complaint, are not appropriate for a motion to dismiss. Therefore, if necessary, those facts will be presented at the appropriate time." Doc. 9. In its memorandum in support of denying a jury trial, Defendant states: "The court has now determined the peer review does create a contract. The court has yet to determine whether it applies to Zavadil." Doc. 40, p.2.

Plaintiff did not move for summary judgment on the issues of whether the Peer Review Policy and Procedures applies to Plaintiff and whether Defendant breached the contractual right to utilize the Peer Review Policy and Procedures. A district court, however, may grant summary judgment with regard to issues in a case if the party against whom summary judgment is granted has received sufficient notice of the district court's intent to grant summary judgment. *See Bendet v. Sandoz Pharmaceuticals Corp.*, 308 F.3d 907 (8th Cir. 2002). The Court will allow the parties 20 days from the entry of this memorandum opinion and order to submit briefs and any appropriate documentation on whether the Court should grant summary judgment in favor of the Plaintiff on the issues of whether the Peer Review Policy and Procedures applies to Plaintiff and whether Defendant breached the contractual right to utilize the Peer Review Policy and Procedures. Accordingly,

**IT IS HEREBY ORDERED** that :

(1) Plaintiff is entitled to a jury trial in the above-entitled action if a monetary damages claim survives; and
(2) The parties shall have 20 days from the entry of this memorandum opinion and order to file briefs and any appropriate documentation on whether the Court should grant summary judgment in favor of the Plaintiff on the issues of whether the Peer Review Policy and Procedures applies to Plaintiff and whether Defendant breached the contractual right to utilize the Peer Review Policy and Procedures.

Dated this 25th day of January, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)         DEPUTY